IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SORELYS COROMOTO RODRIGUEZ OLIVAR,

Petitioner,

v.

TODD BLANCH, MATT IZARD, TODD M. LYONS,
MARTHA MEDINA-MALTES, and
MARKWAYNE MULLIN,

Respondents.[1]

OPINION and ORDER

26-cv-217-jdp

---

Petitioner Sorelys Coromoto Rodriguez Olivar is a citizen of Venezuela. In March 2024, she entered the United States, presented herself at the border, and applied for asylum. Rodriguez Olivar and her three minor children were granted humanitarian parole. In December 2025, Rodriguez Olivar was detained by Immigration and Customs Enforcement officers and placed in expedited removal proceedings. She is being detained in ICE custody at Douglas County jail in Superior, Wisconsin, while those proceedings continue.

Rodriguez Olivar has applied for a writ of habeas corpus under 28 U.S.C. § 2241, contending that respondents unlawfully terminated her parole in violation of Department of Homeland Security regulations, the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause. She also contends that she is being unlawfully detained without a custody determination or bond hearing in violation of 8 U.S.C. § 1226(a).

---

[1] The court has amended the caption to reflect Todd Blanche's role as Acting Attorney General and Markwayne Mullin's appointment as Secretary of the U.S. Department of Homeland Security. *See* Fed. R. Civ. P. 25(d).

Respondents contend that Rodriguez Olivar's parole term expired before she was detained, automatically terminating her parole and requiring that she be detained without bond.

Rodriguez Olivar's petition raises questions that the parties don't answer in their submissions, preventing the court from ruling on the petition. The court will ask the parties to file supplemental briefs addressing the following three issues.

First, the parties didn't address whether the court has jurisdiction. Courts don't have jurisdiction over the merits of a decision to terminate an immigrant's parole. *See* 8 U.S.C. §§ 1182(d)(5)(A), 1252(a)(2)(B)(ii). But courts *do* have jurisdiction over discrete procedural disputes that do not implicate the merits of the discretionary decision. *Doe v. McAleenan*, 926 F.3d 910, 913–16 (7th Cir. 2019). It isn't clear whether Rodriguez Olivar is challenging the underlying merits of respondents' decision to terminate her parole or whether she is challenging a procedural misstep in the process. Parts of her petition suggest that she is challenging the merits: she alleges that the purpose of her parole hasn't been served, that her presence in the United States remains justified, and that her parole is still in the public benefit. *See* Dkt. 1, ¶¶ 62–68. Other parts of her petition suggest that she is making a procedural challenge: she alleges that respondents didn't give her written notice that her parole was being terminated. *Id.*, ¶ 62. In their supplemental briefs, the parties should address whether the court has jurisdiction over Rodriguez Olivar's petition.

Second, the parties haven't provided sufficient information to resolve their dispute regarding the expiration date of Rodriguez Olivar's parole term. Respondents contend that Rodriguez Olivar's parole expired on April 18, 2025. Dkt. 13, at 4–5. To support their contention, respondents point to Rodriguez Olivar's U.S. Customs and Border Protection I-94 form, which indicates that Rodriguez Olivar had an "Admit Until Date" of April 18, 2025.

Dkt. 13, Ex. 1. Respondents assert that the I-94 form's "Admit Until Date" is also the end date of Rodriguez Olivar's parole term. Dkt. 13, at 4. Rodriguez Olivar contends that her parole was set to expire on March 13, 2026. Dkt. 16, at 4. To support her contention, Rodriguez Olivar points to two documents: (1) her federal employment authorization document, which was apparently valid until March 13, 2026, Dkt. 15, Ex. 1, at 2; and (2) her temporary driver's license for the state of Florida, which expired on March 13, 2026, Dkt. 1, Ex. 2, at 2.

The parties have provided conflicting circumstantial evidence regarding when Rodriguez Olivar's parole term was set to expire. Determining the proper expiration date matters because whether Rodriguez Olivar's parole automatically terminated depends on the "expiration of the time for which [her] parole was authorized." 8 C.F.R. § 212.5(e)(1). In their supplemental briefs, the parties should indicate when Rodriguez Olivar's parole term was originally set to expire, whether that date was ever modified, and, if so, the grounds for modifying the date. The parties should also discuss whether the phrase "expiration of the time for which [her] parole was authorized" refers to the original expiration date of Rodriguez Olivar's parole term.

Third, the parties didn't address whether Rodriguez Olivar's claims about her parole are moot. Rodriguez Olivar filed her petition on March 16, 2026, three days after she says her parole term was set to expire. As a result, her parole automatically terminated before she filed the petition. 8 C.F.R. § 212.5(e)(1). Because her parole automatically terminated, she was "restored to the status that [she] had at the time of parole." 8 C.F.R. § 212.5(e)(2). This means that Rodriguez Olivar was restored to her status as an "arriving alien," that is, an applicant for admission into the United States. 8 C.F.R. § 1.2; *see* 8 U.S.C. §§ 1225(a)(1), 1182(d)(5)(A). Under 8 U.S.C. § 1225(b)(2)(A), an applicant for admission must be detained without bond if she is not "clearly and beyond a doubt entitled to be admitted." *See Paredes Padilla v. Galovich*,

No. 25-cv-863-jdp, 2025 WL 3251446, at *2 (W.D. Wis. Nov. 21, 2025). Rodriguez Olivar is not entitled to be admitted; she was previously found to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because she did not have valid entry documents. As a result, it appears that Rodriguez Olivar's detention without bond is mandatory *now* even if it was not mandatory when respondents detained her in December 2025. In their supplemental briefs, the parties should address whether Rodriguez Olivar's claims about her parole term, including her due process claims, are moot given that her parole has automatically terminated. The parties should also address whether respondents forfeited any arguments against Rodriguez Olivar's due process claims by not addressing the claims in their response.

To determine whether respondents are unlawfully detaining Rodriguez Olivar, the court needs supplemental briefs from the parties on these three issues. The parties may have 14 days to submit their supplemental briefs. They may have 7 days to respond.

ORDER

IT IS ORDERED that: the parties may have until May 7, 2026, to file supplemental briefs addressing the issues identified in this order. They may have until May 14, 2026, to respond.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4