IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SORELYS COROMOTO RODRIGUEZ OLIVAR,

                    Petitioner,

     v.

TODD BLANCHE, MATT IZZARD,                OPINION and ORDER
DAVID VENTURELLA,
MARTHA MEDINA-MALTES, and             26-cv-217-jdp
MARKWAYNE MULLIN,

                  Respondents.[1]

---

Petitioner Sorelys Coromoto Rodriguez Olivar is a citizen of Venezuela. In March 2024, Rodriguez Olivar presented herself at the border and applied for asylum. She was granted humanitarian parole into the country. In December 2025, Rodriguez Olivar was detained by Immigration and Customs Enforcement officers. She is currently detained in ICE custody at the Douglas County Jail in Superior, Wisconsin.

Rodriguez Olivar has applied for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3). The court will deny the petition because Rodriguez Olivar's detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii), and her detention has not violated her right to due process.

BACKGROUND

The court draws the following facts from Rodriguez Olivar's petition and the supporting documentation filed by the parties along with their briefs. These facts are undisputed.

---

[1] The court has amended the caption to reflect David Venturella's role as Acting Director of U.S. Immigration and Customs Enforcement. *See* Fed. R. Civ. P. 25(d).

In March 2024, Rodriguez Olivar and her three minor children presented themselves at the Paso Del Norte Port of Entry in El Paso, Texas. They requested asylum through the CBP One App. Rodriguez Olivar was placed in removal proceedings and charged with not possessing valid entry documents in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). But Rodriguez Olivar and her children were paroled into the country while their asylum applications remained pending. Rodriguez Olivar's parole was initially set to expire on March 13 or March 14, 2026.

At some point, the expiration date of Rodriguez Olivar's parole was advanced to April 18, 2025. In a declaration, the Chief Customs and Border Protection Officer for the Department of Homeland Security, non-party Rosael Torres, avers: "I do not have personal knowledge regarding when that modified date was entered into the system, who entered it, or the specific basis for the [modification]." Dkt. 21, ¶ 5. Federal respondents offer no other explanation for why the expiration date of Rodriguez Olivar's parole term was modified.

In December 2025, ICE officers arrested Rodriguez Olivar while she was at work in Bloomington, Minnesota. Rodriguez Olivar was initially placed in expedited removal proceedings, but she was transferred to asylum proceedings. An immigration judge denied Rodriguez Olivar's application for asylum and ordered that she be removed. Rodriguez Olivar appealed the immigration judge's decision, and her appeal remains pending.

At some point after she filed her petition, the initial expiration date of her parole term, March 13 or March 14, 2026, was reinstated. Rodriguez Olivar filed her petition for a writ of habeas corpus with this court on March 16, 2026.

ANALYSIS

Rodriguez Olivar has applied for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), which requires her to show that she is in custody in violation of the Constitution or laws of the United States. She challenges her detention on two grounds: (1) she contends that federal respondents unlawfully terminated her parole; and (2) she contends that she is being unlawfully detained without a custody determination or bond hearing.

## A. Termination of parole claims

Noncitizens presenting themselves at the border generally must be detained throughout their removal proceedings. *See* 8 U.S.C. § 1225(a), (b)(2)(A). But the Secretary of Homeland Security may release noncitizens into the country on parole for urgent humanitarian reasons or for significant public benefit. *Id.* § 1182(d)(5)(A). Parole is therefore an alternative to detention that allows noncitizens to enter the country while their applications for admission remain pending. *See Blanche v. Lau*, 146 S. Ct. 1981, 1987 (2026). A noncitizen's parole term automatically terminates without written notice to the noncitizen "at the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1).[2] In all other cases, written notice is required. *Id.* § 212.5(e)(2)(i).

Rodriguez Olivar contends that federal respondents unlawfully terminated her parole before it expired without providing her with written notice. But Rodriguez Olivar's claims about her parole suffer from a fatal flaw. It is undisputed that Rodriguez Olivar's parole term was

---

[2] Rodriguez Olivar contends that 8 C.F.R. § 212.5(e)(1) is inconsistent with 8 U.S.C. § 1182(d)(5)(A), which is the statute that the regulation purports to implement. *See* Dkt. 18, at 10–11. The court will not consider Rodriguez Olivar's contention because it is not meaningfully developed and because she forfeited it by raising it for the first time in her supplemental brief. *Ctr. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

initially set to expire on either March 13 or March 14, 2026. (The parties disagree regarding when Rodriguez Olivar's parole expired, but the exact expiration date is not material.) Rodriguez Olivar did not file her petition until March 16, 2026, which is after her parole was set to expire. Federal respondents contend that this fact means that Rodriguez Olivar lacks standing to bring her parole claims because her asserted injury is no longer redressable. But the issue is more properly understood as a failure by Rodriguez Olivar to meet her burden under 28 U.S.C. § 2241(c)(3). A petitioner applying for a writ of habeas corpus under § 2241(c)(3) must show that she was in custody in violation of the Constitution or laws of the United States at the time that she filed her petition. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Rodriguez Olivar filed her petition after her parole automatically terminated under 8 C.F.R. § 212.5(e)(1), which was before she filed her petition. When Rodriguez Olivar's parole terminated, she was "restored to the status that [she] had at the time of parole," *id.* § 212.5(e)(2)(i), which was an applicant for admission into the United States, *see* 8 U.S.C. §§ 1225(a)(1), 1182(d)(5)(A). More specifically, Rodriguez Olivar was restored to her status as a noncitizen seeking asylum. Under 8 U.S.C. § 1225(b)(1)(B)(ii), noncitizens seeking asylum must be detained without bond until their asylum proceedings are complete. *Paredes Padilla v. Galovich*, No. 25-cv-865-jdp, 2025 WL 3640960, at *4 (W.D. Wis. Dec. 16, 2025). Rodriguez Olivar's detention without bond was mandatory when she filed her petition. Rodriguez Olivar is therefore not entitled to habeas relief on her parole claims.

## B.  Detention without bond claims

Rodriguez Olivar contends that she is currently being detained without a custody determination or bond hearing in violation of 8 U.S.C. § 1226(a). She also contends that her continuing detention violates her right to due process.

The statutory analysis is straightforward. Rodriguez Olivar's asylum proceedings are ongoing, so her continued detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii). *Ali v. Blanche*, No. 26-cv-221-jdp, 2026 WL 2176966, at *1 (W.D. Wis. July 29, 2026).

The due process analysis is much less straightforward. As the court discussed in *Ali v. Blanche*, courts are divided on whether a noncitizen's detention during asylum proceedings raises due process concerns. *See id.* (citing cases).

Regardless of the due process analysis, the circumstances here do not warrant relief. Rodriguez has been detained since December 2025 without a final order of removal, but her appeal has been pending only since March 2026. An immigration judge previously found Rodriguez Olivar to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because she did not have valid entry documents, and she does not contest that finding.[3] Rodriguez Olivar concedes that she is removable, an immigration judge has ordered her to be removed, and her application for asylum has been rejected. Rodriguez Olivar has chosen to prolong her detention by appealing the immigration judge's adverse ruling, as is her right. But the court sees no basis to conclude that the government has inordinately delayed her proceedings such that her continued detention violates her right to due process.

---

[3] Rodriguez Olivar's notice of appeal, which she attached to her petition, states that the immigration judge "legally erred in finding respondent inadmissible under [8 U.S.C. § 1182(a)(7)(A)(i)(I)] because 8 C.F.R. § 212.5(e)(2)(i) require[s] [the] government to provide an individualized, case-by-case review in revoking a non-citizen's parole." Dkt. 1, Ex. 5, at 11. The court understands Rodriguez Olivar to concede that she did not have valid entry documents, and thus, was otherwise inadmissible under § 1182(a)(7)(A)(i)(I).

CONCLUSION

The court will deny Rodriguez Olivar's petition for a writ of habeas corpus because her detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii), and her detention has not violated her right to due process. The court will deny as moot Rodriguez Olivar's request for an update on the timing of the court's decision on her petition, Dkt. 26.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Sorelys Coromoto Rodriguez Olivar, Dkt. 1, is DENIED.

2. Rodriguez Olivar's motion requesting an update on the timing of the court's decision on her petition, Dkt. 26, is DENIED as moot.

Entered July 29, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6